THE OSBORNE AND CHEESMAN COMPANY, APPEL-LANT, *v.* GEORGE CROOME, RESPONDENT.

*Trustee of manufacturing corporation — how the fact of his being a trustee is proved.*

Where it is sought to enforce against one who is claimed to be a trustee of a manufacturing corporation a personal liability, incurred by the failure of the trustees to file the annual report, it is not enough to show that he was elected a trustee, but some direct and positive act by him, assenting to this action of the stockholders, must also be proved.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action at the Circuit, and also from an order

directing the entry of such judgment, after a verdict for plaintiff directed by the court.

*Joshua M. Van Cott*, for the appellants.

*F. A. Paddock*, for the respondent.

Barnard, P. J.:

The defendant is sued as one of the trustees of the Redfield & Rice Manufacturing Company, a manufacturing corporation, incorporated under the laws of New York, for failure to file the annual report required by law. The plaintiffs are creditors of that company and seek to recover their debt of the defendant on account of such neglect. The defendant denies that he was a trustee when the duty of filing the report was imposed upon him, so as to make him liable for this claim. It appeared upon the trial that the defendant with others was elected trustees of the debtor corporation in 1866, 1867, 1868, 1869 and 1870. In 1871 there was no election and the defendant acted with the old trustees who held over. In 1872 there was an election of trustees. Defendant was elected with others. He was not at the election and never had notice of it. He never acted as trustee after 1871. The court ordered judgment for defendant. The appellants seek a reversal chiefly on two grounds. 1st. That an election as trustee is *prima facie* evidence of trusteeship. I suppose this not to be the law. (*People* v. *Batchelor*, 22 N. Y. Rep., 128.)

"But the fact that he was elected a trustee did not alone invest him with the character of trustee." "The defendant should, by a direct and positive act, assent to the action of the stockholders." (*Cameron* v. *Seamen*, Mass. Court of Appeals.) There was, then, something more to be proven than an election. Nothing more was proven. The defendant was sworn, and testified that he never had any notice of his election in 1872, and never acted as such in that year. The argument that the jury might restrict the denial of notice to a denial of a written notice is not based on a liberal or correct view of the testimony. Denial of notice as used meant a denial of information that he had been elected trustee. The plaintiff made no cross-examination upon

this point. It is a fair construction of his testimony that he intended to support his answer that he was not trustee, especially when a question from the plaintiff would have shown if that was not the meaning of the witness. There were but two meetings of the trustees in 1872. Defendant was at neither. No connection of defendant with the Redfield & Rice company is shown in 1872, except that he in that year was compelled to pay a certain claim against it which he became bound to pay in 1871, and then not as trustee. The facts surrounding the case seem to me to repel any inference that defendant accepted the trusteeship. The company in 1871 was compelled to resort to defendant for his personal obligation on which to borrow money. There had been no election in 1871, as already seen. The defendant did not attend election or meetings of trustees in 1872, and had nothing to do with the affairs of the company, and in November, 1872, the company failed and was declared bankrupt.

If these facts do not repel the inference that defendant did not accept as trustee, they certainly do nothing to justify a finding that he did so accept. I think the judgment should be affirmed with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed with costs.